```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
_____


SEAN ANTHONY NEWBERG,              ◊
                                   ◊
       Plaintiff,                  ◊
                                   ◊
vs.                                ◊       No. 05-2851-Ma/P
                                   ◊
A C WHARTON, et al.,               ◊
                                   ◊
       Defendants.                 ◊
                                   ◊
_____

                   ORDER TO COMPLY WITH PLRA
                   ORDER ASSESSING FILING FEE
                      ORDER OF DISMISSAL
         ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                              AND
                NOTICE OF APPELLATE FILING FEE
_____
```

Plaintiff, Sean Anthony Newberg, inmate registration number 150171, who is incarcerated at the Shelby County Division of Correction (SCDC),[1] filed this complaint under 42 U.S.C. § 1983. The Clerk of Court shall record the defendants as A C Wharton, George C. Schellman, and Andrew Taber.[2]

---

[1] The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[2] Plaintiff has named "Unnamed Officials" as defendants. It is well settled that a complaint cannot be commenced against fictitious parties. Bufalino v. Michigan Bell Tel. Co., 404 F.2d 1023, 1028 (6th Cir. 1968); see also Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996) (explaining that a claim naming fictitious "John Doe" defendants does not commence an action and that a subsequent amendment identifying the defendants cannot relate back under Rule 15). The Clerk is directed to remove any reference to "Unnamed Officials" as parties from the docket.

I.   ASSESSMENT OF FILING FEE

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), any prisoner bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).  The in forma pauperis statute, 28 U.S.C. § 1915(a) merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has not properly completed and submitted both an in forma pauperis affidavit and a prison trust fund account statement showing:

 1)  the average monthly deposits, and
 2)  the average monthly balance for the six months prior to submission of the complaint, and
 3)  the account balance when the complaint was submitted.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that plaintiff cooperate fully with prison officials in carrying out this order.  It is ORDERED that within thirty (30) days of the entry of this order plaintiff properly complete and file both an in forma pauperis affidavit and a trust fund account statement showing the above amounts.  It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit.  When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court.  If the funds in plaintiff's account are insufficient to pay

the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order, and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

    Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of

address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison.

II. ANALYSIS OF PLAINTIFF'S CLAIMS

Newberg sues County Mayor A C Wharton, SCDC Director George Schellman, and Shelby County Correctional Center Acting Director Andrew Taber. Plaintiff alleges that it is his "understanding that citizens of Shelby County and other counties throughout the State of Tennessee have paid taxes that cover medical attention for incarcerated persons." He concludes that he should not have to use his commissary money to pay for medical care and that he has been required to do so on two occasions. Newberg alleges that his eighty-year old grandmother "refuses to send [him] anymore money because the very little she is able to send is confiscated by officials of [SCDC} although she has already paid taxes covering medical attention for incarcerated persons." Newberg alleges that he filed a grievance asking that his money be returned and that he not be charged for medical care. He states that he never received a response.

4

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. <u>Brown v. Toombs</u>, 139 F.3d 1102 (6th Cir. 1998). This places an affirmative burden on prisoners to plead particular facts demonstrating the complete exhaustion of claims. <u>Knuckles El v. Toombs</u>, 215 F.3d 640, 642 (6th Cir. June 15, 2000).

Newberg's allegations are insufficient to satisfy the exhaustion requirement of § 1997e(a). Despite that failing, however, 28 U.S.C. § 1997e(c)(2) provides that a court may dismiss a frivolous claim:

> In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

42 U.S.C. § 1997e(c)(2). This Court, therefore, analyzes prisoner complaints for frivolity regardless of exhaustion of grievance procedures.

Plaintiff has no Eighth Amendment claim under <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976), for denial of medical treatment because he was not denied medical treatment; rather he has been directed to reimburse the provider for the treatment. Newberg contends that he should be provided free medical care regardless of the circumstances from which such care arises. The crux of such a contention is that the defendants are depriving the plaintiff of

5

property. Claims for deprivation of property are not actionable under section 1983. See, e.g., Parratt v. Taylor, 451 U.S. 527 (1981); Hudson v. Palmer, 468 U.S. 517 (1984); Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985); Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985). There is no Constitutional right to free medical care. The collection of fees for medical care does not offend the Constitution.

Therefore, plaintiff's complaint lacks an arguable basis either in law or in fact, fails to state a claim, and is frivolous. See Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Because the complaint is frivolous and fails to state a claim, it is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

III. APPEAL ISSUES

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations

that lead the Court to dismiss this case as frivolous and for failure to state a claim also compel the conclusion that an appeal would be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.  The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b).  McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).  McGore sets out specific procedures for implementing the PLRA.  Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in  McGore and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings if any by this plaintiff, this is the second dismissal[3] in this district of one of his cases as frivolous.

IT IS SO ORDERED this 27th day of January, 2006.

s/ SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[3]     Plaintiff previously filed Newberg v. Luttrell, No. 05-2008-B/V (Apr. 25, 2005), a § 1983 complaint containing claims that were dismissed for failing to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915(A)(b)(1).